UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                          :

**AVROHOM BRODY o/b/o LEAH BRODY,**   :

                 Plaintiff,   :

                         :  **MEMORANDUM**

                         :  **DECISION AND ORDER**

       - against -         :

                         :  19-CV-5659 (AMD)

**COMMISSIONER OF SOCIAL SECURITY,**   :

                  Defendant.   :

------------------------------------------------------------- X

**ANN M. DONNELLY,** United States District Judge:

      The plaintiff, who is proceeding *pro se*, challenges the Social Security Commissioner's decision denying his deceased wife's request for a waiver of overpayment of Supplemental Security Income ("SSI") benefits. (ECF No. 1.) Before the Court is the defendant's motion to dismiss the complaint on standing and statute of limitations grounds. (ECF No. 11.) For the reasons set forth below, I grant the defendant's motion to dismiss.

## BACKGROUND

      The plaintiff's late wife, Leah Brody, was found disabled as of March 29, 2003 and received Social Security benefits. (ECF No. 12-1, Declaration of Janay Podraza ("Decl.") at ¶ 3(a).) On March 2, 2015, the Social Security Administration ("SSA") notified Ms. Brody that her failure to include her "spouse's Social Security benefits" in her reported monthly income resulted in an overpayment of $2,827 from June of 2014 through February of 2015. (*Id.* at ¶ 3(b); ECF No 12-1 at 19.) She requested a waiver of overpayment because she was separated from the plaintiff; the agency denied her request. (Decl. at ¶¶ 3(c)-(e).)

The plaintiff completed an Appointment of Representative form on February 12, 2017 and filed a request for a hearing on May 15, 2017.  (Decl. at ¶ 3(f).)   Ms. Brody died on February 22, 2018, before the hearing took place.  (Decl. at ¶ 3(g).)  Administrative Law Judge James Kearns found that there were "no other parties of record," "no information to show that a survivor who may be paid benefits due to the claimant under 20 CFR 416.542(b) wishes to pursue the request for a  hearing," and that Ms. Brody "did not authorize interim assistance reimbursement." (ECF No. 12-1 at 49.)  Accordingly, he dismissed the plaintiff's request for a hearing.

On June 14, 2018, the plaintiff appealed ALJ Kearns's dismissal.  (Decl. at ¶ 3(h).)  The Appeals Council denied his request for review on November 2, 2018.  (*Id*.)  The plaintiff filed this action on October 4, 2019, seeking review of the ALJ's dismissal.  (ECF No. 1.)  The defendant moved to dismiss the plaintiff's claims on April 3, 2020.  (ECF Nos. 11, 12.)

## STANDARD OF REVIEW

"Determining the existence of subject matter jurisdiction is a threshold inquiry," *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010), and dismissal is proper under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate" the claim, *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Id*.  A court deciding a motion to dismiss pursuant to Rule 12(b)(1) may consider evidence outside of the pleadings, *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986), but must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff, *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003).

2

The requirements for standing "apply with equal force to applications for Social Security benefits." *Webb v. Comm'r of Soc. Sec.*, No. 08-CV-82, 2009 WL 3719398, at *3 (N.D.N.Y. Nov. 4, 2009).

In order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Pleadings are to be construed in the light most favorable to the plaintiff. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

## DISCUSSION

I.   Jurisdiction[1]

"Agency regulations drastically limit the categories of individuals who can recover benefit[s]" on behalf of a deceased individual. *Gregorka v. Comm'r of Soc. Sec.*, 13-CV-1408,

---

[1] While the defendant does not cite Federal Rule of Civil Procedure 12(b)(1) specifically, the Court construes the motion as pursuant to Rule 12(b)(1). "Although we have noted that standing challenges have sometimes been brought under Rule 12(b)(6), as well as Rule 12(b)(1), *see Thompson v. County of Franklin*, 15 F.3d 245, 247 (2d Cir.1994); *Rent Stabilization Ass'n of City of New York v. Dinkins*, 5 F.3d 591, 594 & n. 2 (2d Cir.1993), the proper procedural route is a motion under Rule 12(b)(1)." *All. For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 89 (2d Cir. 2006). "[T]he Court has an independent obligation to apply the correct legal standard." *Matter of Trusts Established under the Pooling & Servicing Agreements relating to the Wachovia Bank Commercial Mortg. Tr. Commercial Mortg. Pass-Through Certificates, Series 2007-C30*, 375 F. Supp. 3d 441, 446 (S.D.N.Y. 2019).

2015 WL 3915959, at *5 (N.D.N.Y. June 25, 2015).  SSA regulations provide that "[i]f a recipient dies before [the SSA] paid all benefits due or before the recipient endorses the check for the correct payment, [the SSA] may pay the amount due to the deceased recipient's surviving eligible spouse or to his or her surviving spouse who was living with the underpaid recipient . . . in the month he or she died or within 6 months immediately preceding the month of death."  20 C.F.R. § 416.542(b)(1).  A spouse is considered to have been "living with" the underpaid recipient if they "customarily lived together as husband and wife in the same residence."  20 C.F.R. § 404.347.  Social Security regulations establish that "[n]o benefits may be paid to the estate of an unpaid recipient, the estate of a surviving spouse, the estate of a parent, or to any survivor other than those" named in the statute and regulations.  20 C.F.R. § 416.542(b)(4).  According to the defendant, the agency likewise will not pursue recovery of overpayment from a non-eligible spouse.  (ECF No. 12 at 5-6.)

The record in this case does not establish that the defendant was an eligible spouse for the purpose of pursuing a hearing on behalf of his deceased wife, because he cannot establish that he was "living continuously" with her for at least six months before her death.  By the plaintiff's own admission, he had not lived in Ms. Brody's house since 2013.  (ECF No. 12-1 at 45.)  Moreover, Ms. Brody challenged the SSA's overpayment decision because the agency included the plaintiff's SSI benefits as part of her household income; she argued that the plaintiff's SSI income should not be included in her calculation because she was "physically separated" from him.  (*Id.* at 30.)  Indeed, if the plaintiff was living with his wife, the agency's calculation of overpayment would have been accurate, and he would not have a claim.

Nor was the plaintiff's absence "temporary" as defined by 20 C.F.R. § 404.347.  20 C.F.R. § 404.347 (temporary absences are limited to "service in the U.S. Armed Forces;" an

absence of six months or less due to "business, employment, or confinement in a hospital, nursing home, other medical institution, or a penal institution;" a separation "solely for medical reasons;" or a separation in which both parties "reasonably could have expected to live together in the near future.").[2]

Because the plaintiff lacks standing to assert claims on behalf of the claimant, the Appeals Council's decision was correct. *See* Social Security Administration, Office of Hearings and Appeals, Litigation Law Manual ("HALLEX") I–3–4–4(B)(2)(a), 1993 WL 643136 ("The Appeals Council may dismiss a request for review when the . . . (SSI) applicant or recipient dies if: there is no eligible spouse . . . and the applicant  . . . did not authorize interim assistance reimbursement . . . .").[3]

II.   Statute of Limitations

Aside from the standing issue, the action is clearly time barred.  Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) provides in pertinent part:

> Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

The "mailing" date is the date the individual receives the Appeals Council's notice or decision, which is presumed to be five days after the notice's date unless "there is a reasonable showing to

---

[2] The plaintiff's unsupported claim that he was "forced out of the apartment due to [Ms. Brody's] mental illness," does not suffice because, among other things, he does not say that this was the "sole" reason for their separation.  (ECF No. 14 at 3.)

[3] The record does not mention interim assistance reimbursement.  As this issue was not raised in the administrative proceedings, it will not be addressed here.

the contrary." *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir.1984) (citing 20 C.F.R. § 422.210(c)).  Because the sixty-day limitations period is a condition of the government's waiver of sovereign immunity, the limitations period must be strictly construed.  *Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (citations omitted).  And because the expiration of the statute of limitations is an affirmative defense, it is best asserted under Rule 12(b)(6).  *Rodriguez ex rel. J.J.T. v. Astrue*, 10-CV-9644, 2011 WL 7121291, at *2 (S.D.N.Y. July 25, 2011) ("[A] motion to dismiss on statute of limitations grounds . . . 'generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1).'" (quoting *Nghiem v. U.S. Dep't of Veterans Affairs,* 451 F. Supp. 2d 599, 603 (S.D.N.Y. 2006), *aff'd*, 323 F. App'x 16 (2d Cir.2009))).  "Failure to file a complaint within the statutory limitation most often requires dismissal of the case, even where the delay is minor and the plaintiff is *pro se*."  *Borrero v. Colvin*, 14-CV-5304, 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015) (collecting cases).

The Appeals Council sent the plaintiff notice that it denied his request to review the ALJ's decision on November 2, 2018.  The plaintiff concedes that he received the notice on November 6, 2018.  (ECF No. 1 at 2.)  As a result, the last day to file a timely complaint was sixty days later, or by January 5, 2019.  The plaintiff filed his complaint on October 4, 2019 and did not provide a reason for the delay.  Nor did he request "further time" from the Commissioner to file his action.  *See* 42 U.S.C. § 405(g).  As a result, his complaint is untimely.

To obtain the benefit of equitable tolling, the plaintiff must prove two things.  First, "extraordinary circumstances" must have prevented him from filing on time.  *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000) (citing *Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir.1996)).  "This requires demonstrating both the existence of extraordinary circumstances and a 'causal

relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [the] filing.'" *Liranzo v. Astrue*, 07-CV-5074, 2010 WL 626791, at *3 (E.D.N.Y. Feb. 23, 2010), *aff'd sub nom. Liranzo v. Comm'r of Soc. Sec.*, 411 F. App'x 390 (2d Cir. 2011) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000). Second, the plaintiff must have acted with "reasonable diligence" in pursuing his application during the period he seeks to toll. *Johnson*, 86 F.3d at 1; *see also Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir.2005) (finding that a plaintiff must demonstrate "both extraordinary circumstances and due diligence").

The Second Circuit has found equitable tolling warranted when a claimant fails to seek judicial review in a timely manner because of mental impairment, *Canales v. Sullivan*, 936 F.2d 755, 758-59 (2d Cir.1991), when government misconduct keeps plaintiffs from appreciating the scope of their rights, *New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir.1990), or when the claimant is "seriously misled by an attorney in whom he placed his trust," *Torres v. Barnhart*, 417 F.3d 276, 281 (2d Cir.2005) ("With one exception, every case in this Circuit that has applied *Bowen*'s equitable tolling doctrine is one in which a defect in the administrative process inhibits the claimant's ability to utilize the agency's (lenient) time extension procedure."). None of these circumstances are applicable.

The plaintiff claims that his filing was late because he is "disabled and blind." (ECF No. 14 at 1.) These conditions do "not rise to the level of extraordinary circumstances." *Bender v. Astrue*, 09-CV-5738, 2010 WL 3394264, at *5 (E.D.N.Y. Aug. 23, 2010). *See, e.g., Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir.1988) (declining to toll the deadline due to claimant's assertion of poor health); *Twumwaa v. Colvin*, 13-CV-5858, 2014 WL 1928381, at *3-4 (S.D.N.Y. May 14, 2014) (declining to toll the deadline where the claimant stated only that she

was "stressed," "in pain," and "gave the motion to [her] former attorney to respond"); *Marquez v. Comm'r of Soc. Sec.*, 12-CV-8151, 2013 WL 3344320, at *5 (S.D.N.Y. July 2, 2013) (declining to toll the deadline where claimant did "not allege a misunderstanding or incapacity . . . nor . . . any diligence").  Indeed, the plaintiff's "compliance with the statute of limitations at earlier stages of the appeals process—namely his request to the Appeals Council—'indicates that he was accustomed to operating under time constraints and capable of doing so, even when acting *pro se.*'"  *Borrero,* 2015 WL 1262276, at *6 (quoting *Monje v. Shalala*, 1995 WL 540028, at *3 (S.D.N.Y. Sept. 4, 1995)).[4]

The record does not demonstrate that extraordinary circumstances prevented the plaintiff from filing a claim within the 60-day statutory period.  Thus, equitable tolling is not appropriate.

## CONCLUSION

Accordingly, the defendant's motion to dismiss is granted.  The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se* plaintiff, enter judgment in favor of the defendant and close this case.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
April 13, 2021

---

[4] The plaintiff's efforts to find an attorney—he claims to have "contacted about 100 attorneys and legal aid offices," but "nobody wanted to take the case"—do not constitute extraordinary circumstances.  (ECF No. 14 at 2.)